IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MANIK NATH,                              §
                                         §
           Plaintiff,                    §
                                         §
v.                                       §   Case No. 3:26-cv-00672-L (BT)
                                         §
DART and ABM Aviation,                   §
                                         §
           Defendants.                   §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pro se Plaintiff Manik Nath filed this lawsuit on March 2, 2026. Under Federal Rule of Civil Procedure 4(m), a plaintiff has 90 days to serve the defendants. Plaintiff has not done so and has not provided any explanation for the delay. Because of this, the District Judge should **DISMISS** this case without prejudice unless Plaintiff submits proper proof of service or shows good cause for the delay before the deadline to object to these Findings, Conclusions, and Recommendation. If Plaintiff provides proof of service or shows good cause before the objection deadline, the Magistrate Judge will withdraw the recommendation to dismiss.

**Legal Standards and Analysis**

Under Federal Rule of Civil Procedure 4, a plaintiff is responsible for serving the summons and complaint within the time allowed by Rule 4(m) and must provide the necessary copies to the person who makes service. Fed. R. Civ. P.

1

4(c)(1). After service is completed, the plaintiff must file proof of service with the Court. Fed. R. Civ. P. 4(l).

If a plaintiff does not serve a defendant within 90 days of filing the complaint, the court must dismiss the action without prejudice unless the plaintiff shows (1) good cause for failing to timely and properly serve the defendant and (2) good cause for extending the service deadline. Fed. R. Civ. P. 4(m); *Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 369 (5th Cir. 2017) ("Rule 4(m) requires dismissal if a defendant is not served within 90 days after the complaint is filed, unless the plaintiff shows good cause for the failure.").

Additionally, Rule 41(b) allows a court to dismiss a case on its own for failure to prosecute or for failure to comply with the Federal Rules or a court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440–42 (5th Cir. 2016) (failure to comply with court order); *Rosin v. Thaler*, 450 F. App'x 383, 383–84 (5th Cir. 2011) (per curiam) (failure to prosecute). This authority stems from the court's inherent power to manage its docket and prevent unnecessary delay. *Boudwin v. Graystone Ins.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). A party's pro se status does not excuse noncompliance with procedural rules. *Wright v. LBA Hosp.*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam).

2

Here, Plaintiff filed this lawsuit more than 90 days ago, and by paying the filing fee, assumed responsibility for properly serving each Defendant under Rule 4. Fed. R. Civ. P. 4(c), (h). However, Plaintiff has not filed proof of service on any Defendant or shown good cause for failing to do so. As a result, Plaintiff has not complied with the Federal Rules of Civil Procedure and has failed to prosecute this case. Dismissal is therefore appropriate under Rules 4(m) and 41(b).

## Recommendation

The District Judge should **DISMISS** Plaintiff's case without prejudice under Federal Rules of Civil Procedure 4(m) and 41(b) for failure to timely effect service and failure to prosecute. If Plaintiff files a valid return of service or shows good cause in writing before the deadline for objecting to these Findings, Conclusions, and Recommendation expires (explained in more detail below), the Magistrate Judge will withdraw the recommendation to dismiss.

**SIGNED** June 3, 2026.

_____
HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

3

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).